UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK SYFERT,

                       Plaintiff,

                                               6:17-CV-0578
v.                                           (GTS/TWD)

CITY OF ROME,

                       Defendant.
_____

APPEARANCES:

MARK SYFERT
   Plaintiff, *Pro Se*
422 W. Embargo Street #2
Rome, New York 13440

GLENN T. SUDDABY, Chief United States District Judge

## <u>DECISION and ORDER</u>

       Currently before the Court, in this *pro se* civil rights action filed by Mark Syfert ("Plaintiff") against the City of Rome, New York ("Defendant" and/or "Rome") pursuant to 42 U.S.C. §§ 1983 and 1985, are the following: (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Complaint be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) but that his time-barred claims, his conspiracy claims relating to those time-barred claims, and his municipal-liability claims pursuant to *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658 (1978) be dismissed with leave to amend; and (2) Plaintiff's Objection to the Report-Recommendation.  (Dkt. Nos. 4, 6.)  For the reasons set forth below, Magistrate Judge Dancks' Report-Recommendation is accepted and adopted in its entirety.

## I.      RELEVANT BACKGROUND

### A.      Magistrate Judge Dancks' Report-Recommendation

Generally, in her Report-Recommendation, Magistrate Judge Dancks rendered the following findings of fact and/or conclusions of law: (1) Plaintiff's claims based on mistreatment by officials of the City of Rome, claims based on the City of Rome's code enforcement policies and procedures, claims based on the City of Rome's plumbing and plumber licensing policies and procedures, and claims for conspiracy related to any of those claims, based on events occurring before May 24, 2014, should be dismissed as time-barred but Plaintiff should be given an opportunity to amend his Complaint so that Plaintiff may correct the pleading defects in those claims; (2) Plaintiff claims for malicious prosecution, claims for violation of his right to a speedy trial, and claims for conspiracy related to those claims should be dismissed with prejudice for failure to state a claim; and (3) Plaintiff's municipal-liability claims pursuant to *Monell* should be dismissed for failure to state a claim but again he should be given an opportunity to amend his Complaint so that Plaintiff may correct the pleading defects in those claims.  (Dkt. No. 4, at Part IV.)

### B.      Plaintiff's Objection to the Report-Recommendation

Generally, in his Objections, Plaintiff asserts the following arguments: (1) his so-called time-barred claims should not be dismissed because he was not in possession of, or aware of, the zoning board minutes from 1984 until he submitted a Freedom of Information-Act request in early 2017, and that evidence was critical to the allegations against him and could have expedited resolution of the charges against him; (2) his malicious prosecution claims, speedy trial claims, and related conspiracy claims should not be dismissed because (a) while the lower

court hearing was favorable to him and the third floor of the house was reinstated on the legal

property description, the third floor apartment is still considered illegal as a rental unit and he

could therefore be subject to future litigation, and (b) Defendant violated his constitutional due

process rights by dismissing his case and denying him the right to trial; and (3) his municipal-

liability claims should not be dismissed because (a) his plumbing business was subject to unfair

competition and discrimination while seeking permits and bids on contract work from the City,

and new policies were implemented by the City and the codes enforcement officer that directly

hurt his plumbing business, and (b) despite 20 years of experience, he was not considered for the

City's position of plumbing inspector as a result of Defendant's false allegations.  (Dkt. No. 6.)

## II.    STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection

must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or

report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[1]

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28

U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary

---

[1]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)
("Although Mario filed objections to the magistrate's report and recommendation, the statement
with respect to his Title VII claim was not specific enough to preserve this claim for review. The
only reference made to the Title VII claim was one sentence on the last page of his objections,
where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set
forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.'
This bare statement, devoid of any reference to specific findings or recommendations to which
he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title
VII claim.").

material that could have been, but was not, presented to the magistrate judge in the first

instance.[2]  Similarly, a district court will ordinarily refuse to consider argument that could have

been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ.*

*of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established

law that a district judge will not consider new arguments raised in objections to a magistrate

judge's report and recommendation that could have been raised before the magistrate but were

not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311,

312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not

consider new arguments raised in objections to a magistrate judge's report and recommendation

that could have been raised before the magistrate but were not.") (internal quotation marks

omitted).

　　　　When only a *general* objection is made to a portion of a magistrate judge's

report-recommendation, the Court subjects that portion of the report-recommendation to only a

*clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3

---

[2]　　　*See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In
objecting to a magistrate's report before the district court, a party has no right to present further
testimony when it offers no justification for not offering the testimony at the hearing before the
magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v.
Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not
abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff
"offered no justification for not offering the testimony at the hearing before the magistrate"); *cf.
U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to
require the district court to conduct a second hearing whenever either party objected to the
magistrate's credibility findings would largely frustrate the plain objective of Congress to
alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b),
Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a
secondary evidentiary hearing is required.").

(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.    ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks'

---

[3]    *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

thorough Report-Recommendation, the Court can find error in the Report-Recommendation, clear or otherwise.[5]  Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.

To those reasons, the Court adds only the following point.  To the extent that Plaintiff's Objections repeat factual allegations asserted in his original Complaint, the Court finds those factual allegations to be insufficient for the reasons stated in the Report-Recommendation. Similarly, to the extent that Plaintiff's Objections assert new factual allegations (i.e., factual allegations not asserted in his original Complaint), some of those new factual allegations do not correct the pleading defects identified in the Report-Recommendation.  Finally, while it is conceivable that others of those new factual allegations may correct the pleading defects identified in the Report-Recommendation, the proper place for them is in an amended complaint: special solicitude is not a license to piece together an actionable pleading through a prolix complaint and a prolix objection to a report-recommendation, especially when the product contains a shotgun spray of factual allegations that a defendant must (somehow) admit or deny under Fed. R. Civ. P. 8(b)(1)(B).

---

[5]     When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 4) is

<u>**ACCEPTED**</u> and <u>**ADOPTED**</u> in its entirety; and it is further

**ORDERED** that the following claims in Plaintiff's Complaint (Dkt. No. 1) are *sua*

*sponte* <u>**DISMISSED**</u> **with prejudice**:

    (1)    Plaintiff's malicious prosecution claims;

    (2)    Plaintiff's claims for violation of his right to a speedy trial; and

    (3)    Plaintiff's conspiracy claims related to his malicious prosecution claims and

          speedy trial claims;

**ORDERED** that the following (remaining) claims in Plaintiff's Complaint (Dkt. No. 1)

**shall be** <u>**DISMISSED**</u> **with prejudice UNLESS**, **within THIRTY (30) DAYS** of the date of

this Decision and Order, Plaintiff files an **Amended Complaint** curing the pleading defects in

those claims identified by Magistrate Judge Dancks in the Report-Recommendation:

    (1)    Plaintiff's claims based on mistreatment by officials of the City of Rome, claims

          based on the City of Rome's code enforcement policies and procedures, claims

          based on the City of Rome's plumbing and plumber licensing policies and

          procedures, and claims for conspiracy related to any of those claims, based on

          events occurring before May 24, 2014;

    (2)    Plaintiff's conspiracy claims related to the above-referenced time-barred claims;

    (3)    Plaintiff's municipal-liability claims pursuant to *Monell*; and it is further

**ORDERED** that any Amended Complaint filed by Plaintiff (1) may only assert claims

that Plaintiff has been granted leave to amend and may not assert claims that have been

dismissed with prejudice, (2) must be a complete pleading and may not incorporate any portion of his original Complaint by reference, (3) shall supersede his original Complaint in its entirety and become the operative pleading in this case, and (4) must comply with the pleading requirements of Fed. R. Civ. P. 10(b) and state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances; and it is further

**ORDERED** that, should Plaintiff file an Amended Complaint within the referenced thirty (30) day period, it shall be referred to Magistrate Judge Dancks for review; if however, Plaintiff fails to file an amended complaint within the thirty (30) day period, this action will be dismissed with prejudice without further Order of the Court.

Dated: November 9, 2017
       Syracuse, New York

HON. GLENN T. SUDDABY
Chief United States District Judge