UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK SYFERT,

                            Plaintiff,

                                                               6:17-CV-0578
v.                                                      (GTS/TWD)

CITY OF ROME,

                            Defendant.
_____

APPEARANCES:

MARK SYFERT
  Plaintiff, *Pro Se*
422 W. Embargo Street #2
Rome, New York 13440

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Mark Syfert ("Plaintiff") against the City of Rome, New York ("Defendant"), are the following: (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Amended Complaint be *sua sponte* dismissed with prejudice in its entirety for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); (2) Plaintiff's Objection to the Report-Recommendation; and (3) Plaintiff's second motion to appoint counsel.  (Dkt. Nos. 11, 12, 13.)  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Plaintiff's Amended Complaint is dismissed; and his second motion to appoint counsel is denied.

I.      **RELEVANT BACKGROUND**

    A.      **Magistrate Judge Dancks' Report-Recommendation**

Generally, in her Report-Recommendation, Magistrate Judge Dancks rendered the following five recommendations: (1) that, to the extent the Amended Complaint attempts to assert any claims that were previously dismissed with prejudice (i.e., claims of malicious prosecution, claims of violation of his right to a speedy trial, and claims of conspiracy related to the aforementioned claims), those claims not be considered for review; (2) that, to the extent that the Amended Complaint attempts to cure the pleading defects in the claims found to be untimely in the Court's Decision and Order of November 9, 2017 (i.e., claims based on his mistreatment by officials of the City of Rome, claims based on the City of Rome's code enforcement policies and procedures, and claims based on the City of Rome's plumbing and plumber licensing policies and procedures, based on events occurring before May 24, 2014, and claims of conspiracy related to the above-referenced time-barred claims), that attempt be rejected because Plaintiff has not alleged facts plausibly suggesting either that the statute of limitations should be equitably tolled or that the claims accrued at a date later than May 24, 2014; (3) that, to the extent that the Amended Complaint attempts to assert a claim of conspiracy under 42 U.S.C. § 1985(3), that claim be dismissed on the alternative ground that it fails to allege facts plausibly suggesting (a) that there exists any racial or otherwise class-based, invidiously discriminatory animus, (b) that his rights were violated pursuant to an official policy or custom of the City of Rome, or (c) that an exception exists to the "intra-agency conspiracy" doctrine; (4) that, to the extent that the Amended Complaint attempts to cure the pleading defects in Plaintiff's municipal liability claim pursuant to *Monell*, that attempt be rejected because the Amended Complaint fails

to allege facts plausibly suggesting (a) the existence of an official policy or custom of the City of Rome or (b) the deprivation of his constitutional rights (including any deprivation of his right to equal protection under the Fourteenth Amendment); and (5) that no further amendment be permitted because Plaintiff has already been granted leave to amend and, even construed with the utmost of special solicitude, the allegations of his Amended Complaint give no indication that a valid claim might be stated through a Second Amended Complaint. (Dkt. No. 4, at Part IV.)

### B. Plaintiff's Objection to the Report-Recommendation

Generally, in his Objections, Plaintiff asserts the following two arguments: (1) Plaintiff's time-barred claims should not be dismissed because (a) he did not learn of the mistake until he received a building permit containing the mistake on March 4, 2016, (b) he did not have complete knowledge of Defendant's mistake until he received the zoning board documents through a Freedom of Information Act request in 2017, and (c) the mistake is still ongoing in that Plaintiff's third floor apartment is still considered unlawful and requires additional work to be considered a legitimate third floor apartment for code purposes; and (2) Plaintiff's municipal liability claims should not be dismissed because policies implemented by the City have subjected him to continual harassment and discrimination which have damaged his business and reputation and caused him not to be considered for a plumbing inspector position despite having twenty years of experience and residency in the City. (Dkt. No. 12.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P.

---

[3]  *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.   ANALYSIS

### A.   Plaintiff's Second Motion for Appointment of Counsel

The Court begins its analysis with Plaintiff's second motion for appointment of counsel.  After carefully considering the matter, Plaintiff's second motion is denied for each of the following three alternative reasons.

First, Plaintiff's motion is not accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector.  *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Cooper v. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989).

Second, because Defendant has not yet appeared and answered, the Court is unable to determine, as a threshold matter, whether Plaintiff's claims are likely to be of substance.  *Terminate Control Corp.*, 28 F.3d at 1341.  The Court notes that a similar ground was relied on by Magistrate Judge Dancks in her denial of Plaintiff's first motion to appoint counsel.  (Dkt.

---

[4]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

6

No. 11, at 16.) The Court noes also that Magistrate Judge Dancks' denial arguably precluded Plaintiff from filing another such motion until the undersigned "allows the action to proceed," which has not yet occurred. (*Id.*)

Third, even if the Court were to assume that Plaintiff's claims are likely to be of substance, the relevant factors would, and do, weigh decidedly against the granting of Plaintiff's motion at this time: (a) it appears as though, to date, Plaintiff has been able to effectively litigate this action *pro se*, (b) at this point, it appears that the case does not present issues that are novel or more complex than those raised in most *pro se* civil rights actions, and (c) the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. *See Terminate Control Corp.*, 28 F.3d at 1341; *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

### B.   Plaintiff's Objections to the Report-Recommendation

Turning to Plaintiff's Objections to the Report-Recommendation, for the sake of brevity, the Court will set aside the fact that, even when construed with the utmost of special liberality, many of the arguments asserted by Plaintiff in his Objections are re-iterations of arguments presented to Magistrate Judge Dancks. (*Compare* Dkt. No. 12 [Plf.'s Obj.] *with* Dkt. No. 6 [Plf.'s Obj.].) More important is that, despite their considerable length, Plaintiff's Objections contain no specific challenges to the first, third and fifth recommendations contained in the Report-Recommendation, as described above in Part I.A. of this Decision and Order. (*Compare* Dkt. No. 6 [Plf.'s Obj.] *with* Dkt. No. 11 [Report-Recommendation].) As a result, those three portions of the Report-Recommendation are subject to only a clear-error review, which they easily survive.

With regard to the second and fourth recommendations contained in the Report-Recommendation (as described above in Part I.A. of this Decision and Order), after carefully reviewing the relevant papers herein, the Court can find no error in those two portions of the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. Indeed, the Court would reach the same conclusion with regard to the first, third and fifth portions of the Report-Recommendation even if it were to subject those portions to a de novo review.

As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, and Plaintiff's Amended Complaint is dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's second motion to appoint counsel (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 11) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 9) is *sua sponte* **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 22, 2018
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief United States District Judge